On January 23, 1941, the plaintiff herein, Carl A. Kenneson, entered into a written contract of lease with Buck Horton and Bill West, the property leased being the N.E. 1/4 of the S.E. 1/4 of Sec. 10 T. 1 N.R. 9 W., in the Parish of Vernon. The contract covered the period of three years beginning January 23, 1941 and ending January 23, 1944 and the consideration is therein expressed as being the sum of $50 per year, the first payment being acknowledged as of the date of the contract and the balance to be paid in two installments of $50 each, the first on January 23, 1942, and the other on January 23, 1943.
In the contract there is a stipulation to the effect that the lessees are given the right to erect any improvements on the property that they may want to use in conducting any lawful business thereon which improvements however they agree to allow to remain on the leased property at the expiration of the lease and to become the property of the lessor.
The contract which was executed under private signature, in the presence of two *Page 723 
witnesses, was duly recorded in the Conveyance Records of the Parish of Vernon.
On February 1, 1941, the lessees, Horton and West, entered into a written contract of sublease with James Bain, for a portion of the property leased by them for a period of one year from that date for a rental consideration of $500, of which sum $250 was paid cash and the balance made payable on or before May 1, 1941. The sublessee was granted the right to renew the lease for an additional year, the rental to be the sum of $500 payable at the time he elected to exercise his option of renewal prior to February 1, 1942. In this contract mention is made of the principal lease and of its recordation and presumably its provisions appear to cover and apply to the property subleased.
The present proceeding is one instituted by the principal lessor and in his petition, after setting out the two contracts as herein recited he alleges that James Bain, the sublessee, has erected a large frame building on that part of the property subleased by him subject to the stipulation concerning improvements which is contained in the lease to Horton and West. It is noted that he filed this proceeding on January 9, 1942, and in his petition he alleges, in effect, as indeed he only could, that no rent was due him until January 23, 1942. This of course was the rent that was then to become due by Horton and West, his lessees.
However, in order, apparently, to lay the ground-work on which he could apply for a writ of provisional seizure under Article 287 of the Code of Practice, he alleged that the stipulation in his contract with his lessees, that improvements placed on the leased premises by them would become his property at the expiration of the lease, was to afford him further consideration for the lease, and that as the sublessee, James Bain, was threatening to tear down the building erected on the property and on which he had a lien and privilege for rents that were to become due, such a writ was necessary to protect his rights in the premises. It is observed however that nowhere in his petition does he allege that James Bain, the sublessee, owed any part of the rent that is due by him to his sublessors, Horton and West.
He impleaded his two lessees and the sublessee as well, as parties defendant and on the prayer of his petition, supported by the affidavit required by Article 287 of the Code of Practice, the district judge granted the order under which the building was provisionally seized.
The defendant, James Bain, filed an exception of no cause and no right of action, a motion to dissolve the writ of provisional seizure coupled with a demand for damages, and an answer in which he put the allegations of plaintiff's petition at issue. The defendants, Horton and West, appearing through different counsel, filed an exception of no cause and no right of action and an answer. The case was tried in the lower court only on the exception and motion to dissolve filed by the defendant, Bain. The exceptions were maintained and plaintiff's suit was dismissed as to that defendant as in case of nonsuit. The motion to dissolve was referred to the merits. Plaintiff has appealed and the only matter presented before this court is the correctness of the judgment, vel non, which sustained the exception of no cause and no right of action on the part of the defendant, Bain.
The right which the law accords the lessor a writ of provisional seizure as embodied in Articles 285 and 287 of the Code of Practice, grows out of the pledge which he has on the movable effects of his lessee which are found on the property leased for the payment of his rent. Civil Code Article 2705. His privilege and pledge in this respect "covers the movables and constructions on the leased premises." C.T. Patterson Co. v. Port Barr Lumber Co., 136 La. 60, 66 So. 418, 419. By Article 2706 of the Civil Code this right of pledge includes, besides the effects of the principal lessee, those of the under-tenant or sublessee, but only "so far as the latter is indebted to the principal lessee, at the time when the proprietor [lessor] chooses to exercise his right."
It is only to the extent that the sublessee is indebted to the principal lessee that the pledge of the lessor operates on any of his effects found on the property leased. This privilege and pledge is one which arises solely out of the law as there is no contractual relation between a lessor and sublessee; and even though the principal lessee be in arrears for rent due by him to his lessor (which is not the case here), that does not necessarily render the property on the leased premises subject to seizure for the payment of the same. *Page 724 
Terzia v. Grand Leader et al., 176 La. 151, 145 So. 363. As previously remarked, there is no allegation in the plaintiff's petition that the sublessee, James Bain, is indebted to the principal lessees, Horton and West, in any sum or amount whatsoever and in the absence of any such allegation the petition fails to disclose a cause or right of action against the defendant, Bain, in this proceeding. That in effect was the ruling of the court in the case of Terzia v. Grand Leader, supra, in construing the original petition filed by the plaintiff therein and in which an allegation of indebtedness on the part of the subtenants was also lacking.
Counsel for plaintiff devotes his entire argument to the proposition that the defendant Bain is bound by the stipulation in the principal lease to the effect that the improvements erected on the leased premises of the lessor were to remain thereon and become his property at the expiration of the lease and that he should be protected in his right to claim the frame building in question in face of its threatened removal. It may be that he would have and could exercise such a right in the proper form of proceeding, but in our opinion it is not by the remedy he is now seeking to have enforced that he can do so. It may be that the district judge was of this same opinion and probably that is why he rendered a judgment against him as in case of nonsuit.
As we are convinced that the judgment appealed from is correct, it is now ordered that the same be affirmed at the costs of the plaintiff, appellant herein.
DORE and OTT, JJ., concur.